[No. 2445.]

BALFE v. HANLEY.

1. **Judgments—Payment—Appeal Bond—Presumption.**

In an action upon an appeal bond, evidence showing the issuance and return unsatisfied of an execution upon the judgment, is presumptive proof of nonpayment of the judgment.

2. **Appellate Practice—Assignments of Error.**

Questions not presented by the assignments of error will not be considered although argued in appellant's brief.

3. **Pleading—Amendment—Appellate Practice.**

Where a demurrer was filed to a complaint and counsel signed a written stipulation which in effect amended the complaint wherein it was said to be defective and the case was tried as though the amendment was in and traversed, it is too late to urge on appeal that the amendment was not formally made.

*Appeal from the District Court of Teller County.*

Messrs. TEMPLE & CRUMP, for appellant.

Mr. V. H. MILLER, for appellee.

GUNTER, J.

Action upon appeal bond by appellee, obligee therein, judgment in her favor and therefrom this appeal.

It is said proof of the nonpayment of the judgment named in the condition of the bond was essential to a recovery thereon, that such proof was wanting.

The evidence showed the issuance and return

unsatisfied of an execution upon the judgment; this was presumptive proof of the nonpayment thereof. —Freeman on Execution, 3d ed., § 365.

Further, the present owner of the judgment, the assignee of appellee, testified to its nonpayment. There was no conflicting evidence. The proof of nonpayment was sufficient. This is the only question assigned and argued as error.

Judgment affirmed.

*Affirmed.*

*Per Curiam.*—The court in the original opinion herein did not pass upon two of the questions raised by appellant's brief. This is urged as ground for a rehearing. A sufficient reason for such action of the court is, neither of the questions was presented by the assignments of error.

There is no merit, however, in either of the questions. The one is that the complaint failed to state facts sufficient to constitute a cause of action. Such objection was raised below by demurrer. Thereupon counsel signed a written stipulation which in effect amended the complaint wherein it was said to be defective. Thereafter the case was tried upon the theory that such amendment was in and that the matter thereby presented was traversed. This being true, it is too late to urge here that the amendment was not formally made.

The second question went to an instruction as to a verdict by three-fourths of the jury, and is the same as that passed upon by this court, and held to be without merit in *Adams Express Company v. Aldrich, ante, 74,* and *Fitzhugh v. Brown, ante, 236.*

Petition for rehearing

*Denied.*